# IN THE SUPREME COURT OF TEXAS

═══════════
No. 11-0131
═══════════

MARIA ESTER SALINAS, PETITIONER,

v.

NORBERTO SALINAS, RESPONDENT

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

**PER CURIAM**

Maria Salinas contends that the court of appeals affirmed a judgment against her based on an alleged defamatory statement that the jury concluded had caused no harm to the plaintiff. We agree, reverse the court of appeals' judgment, and remand to that court for further proceedings.

Norberto Salinas, the mayor of Mission, Texas, sued Maria (no relation) for slander, alleging three slanderous statements made by Maria:

- Statement One, made at a city council meeting and allegedly directed at Norberto: "[Y]ou have stolen and lied and killed."

- Statement Two, allegedly made to a third party: "Norberto Salinas is a drug dealer and corrupt politician."

- Statement Three, made during a Telemundo television program: "[T]he mayor in La Joya told me that Norberto Salinas went to talk to him to say that they were going to kill me."

We refer to these statements as the city council statement, the drug dealer statement, and the

Telemundo statement.

The trial court concluded that all three statements were defamatory per se. Maria admitted making the city council statement and the Telemundo statement, but denied making the drug dealer statement. Norberto conceded that he was a public official and that the statements involved public issues. The jury found that Maria made the drug dealer statement. The jury also found that all three statements were false and were made with actual malice. The jury was asked, as to each statement, whether it proximately caused Norberto to suffer mental anguish, and was instructed on the meaning of proximate cause and mental anguish, the latter requiring "evidence . . . establishing a substantial disruption in [Norberto's] daily routine or . . . other evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." The jury found that the city council statement and the drug dealer statement proximately caused Norberto to suffer mental anguish. But Question No. 17 asked whether the Telemundo statement proximately caused Norberto to suffer mental anguish, and the jury answered "No."

The jury was then asked in Question No. 18, a single damages question limited to mental anguish damages, to determine what sum of money "would fairly and reasonably compensate Norberto Salinas, for the injury, if any, that resulted from the occurrence in question." The jury was instructed to answer this question only if it answered "Yes" to one or more of the three preceding proximate cause questions. Since the jury found that the city council and drug dealer statements had caused Norberto to suffer mental anguish, the jury proceeded to answer the mental anguish damages question, and found damages of $30,000. The trial court rendered a judgment in this amount, along with interest and costs.

We can only guess why the jury did not find that the Telemundo statement resulted in any damages to Norberto. Perhaps the jury concluded that Norberto and the Telemundo viewers did not take the comment seriously, since as Norberto conceded in his briefing to the court of appeals, this comment "possessed the believability of an Elvis sighting." ___ S.W.3d ___, ___. Regardless, we think the record shows that the jury did not award Norberto any damages for the Telemundo statement.

Maria appealed the judgment, raising numerous issues. Among other arguments, Maria contended that her statements were constitutionally protected political speech, that the statements were not defamatory per se and therefore required proof of special damages, that the evidence of mental anguish did not show the high level of mental pain and distress required to recover mental anguish damages, and that Norberto, as a public official, failed to prove actual malice.

The court of appeals affirmed the trial court's judgment in favor of Norberto[1] based on the Telemundo statement alone. The court concluded that the Telemundo statement was defamatory per se and that there was sufficient evidence the statement was made with actual malice. As to damages, the court upheld the trial court's judgment of $30,000 by holding that "it is not necessary to prove mental anguish where the words used are slanderous per se, because the law presumes actual damages." *Id.* at ___.

We think the court of appeals erred in affirming the judgment based on the Telemundo statement, because the jury rejected this claim. Although the jury found that the statement was false

---

[1] The court of appeals reversed the trial court's judgment in favor of another plaintiff, Pat Townsend. We do not disturb the court of appeals' judgment with respect to Townsend.

3

and was made with malice, it found that the statement did not proximately cause injury to Norberto. In Question No. 18, it was instructed to assess mental anguish damages "if any, that resulted from the occurrence in question," and was instructed not to even reach this question unless it found that one or more of the statements proximately caused Norberto to suffer mental anguish. We must assume the jury followed the court's instructions, *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d 160, 167 (Tex. 1982), and therefore conclude that the jury did not award any damages for the Telemundo statement.

"Our law presumes that statements that are defamatory per se injure the victim's reputation and entitle him to recover general damages, including damages for loss of reputation and mental anguish." *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002) (plurality opinion). However, even if some mental anguish can be presumed in cases of defamation per se, and if we assume the Telemundo statement was defamatory per se, the law does not presume any particular amount of damages beyond nominal damages.[2] *See Denton Publ'g Co. v. Boyd*, 448 S.W.2d 145, 147 (Tex. Civ. App.—Fort Worth 1969) (holding that a plaintiff in a libel per se case is entitled to nominal damages and "such actual damages as might be shown to be the proximate result of the publication"), *aff'd*, 460 S.W.2d 881 (Tex. 1970); *Tex. Disposal Sys.*, 219 S.W.3d at 584 (stating that in cases of defamation per se, "the amount of actual general damages remains a question for the jury"); *Adolf Coors Co. v. Rodriguez*, 780 S.W.2d 477, 488 (Tex. App—Corpus Christi 1989, writ

---

[2] We need not decide whether Norberto would have been entitled to nominal damages for slander per se if he had requested them. He did not request such an award from the trial court and did not request that the jury be instructed to award at least nominal damages. We note, however, that courts have not resolved this issue in an entirely consistent manner. *See Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.* 219 S.W.3d 563, 584–85 n.22 (Tex. App.—Austin 2007, pet. denied) (discussing cases).

denied) (noting that under presumption of damages applicable to libel per se, damages "are within the jury's discretion, are purely personal, and cannot be measured by any fixed rule or standard"); *Bradbury v. Scott*, 788 S.W.2d 31, 39 (Tex. App.—Houston [1st Dist.] 1989), writ denied) (holding, in case of libel per se, "where the amount of the actual damages is not capable of definite ascertainment, and prima facie liability is established, the determination of the amount is necessarily lodged in the discretion of the jury"); *Freeman v. Schwenker*, 73 S.W.2d 609, 611 (Tex. Civ. App.—Austin 1934, no writ) (same).

Moreover, the jury was not instructed to presume mental anguish damages and award damages based on such a presumption, and Norberto did not request such an instruction. Instead, the jury was instructed to award mental anguish damages, if any, only upon a finding that a statement proximately caused mental anguish; it did not make this requisite finding for the Telemundo statement and therefore did not award mental anguish damages for this statement. There is, in short, no jury verdict in support of an award of damages of $30,000 or any other amount for the Telemundo statement, and the court of appeals could not sua sponte make its own award of damages. *See Freeman*, 73 S.W.2d at 611 (holding, in libel per se case, that "[i]t is a well-settled rule that, where a case is submitted to a jury . . . judgment of the court must be rendered upon the verdict returned"); *see also Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (holding that appellate court could not review sufficiency of evidence under a legal standard that was not submitted to the jury if no party objected to failure to charge jury under the standard). Even if mental anguish can be presumed, the determination of the amount of mental anguish damages is an inquiry left to the finder of fact. We therefore agree with Maria that the court of appeals was not authorized to award $30,000 in mental

anguish damages for the Telemundo statement, without a damages finding by the jury supporting such an award.

Whether the judgment should stand based on the other two allegedly defamatory statements depends on a resolution of issues not reached by the court of appeals. Accordingly, without oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment in favor of Norberto, and remand the case to that court for further proceedings.

**OPINION DELIVERED:** April 20, 2012